**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRIAM NOHEMY RAMIREZ-ZEPEDA, | No. 17-72383 |
| Petitioner, | Agency No. A202-059-900 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 28, 2022
San Francisco, California

Before: M. MURPHY,** GRABER, and OWENS, Circuit Judges.

Miriam Ramirez-Zepeda, a native and citizen of Honduras, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") affirming the

denial of her applications for asylum, withholding of removal, and protection under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael R. Murphy, United States Circuit Judge for
the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

the Convention Against Torture ("CAT").  Exercising jurisdiction under 8 U.S.C. § 1252, we grant the petition for review in part and deny in part.

The BIA provided two independent reasons for denying Ramirez's requests for asylum and withholding of removal: (1) her proposed social group was not cognizable because, as she defined it before the immigration judge ("IJ"), it was impermissibly circular and insufficiently particular; and (2) Ramirez failed to establish a nexus between her proposed social group and the harm she suffered.

The BIA's conclusion that Ramirez failed to identify a cognizable social group was incorrect as a matter of law.  *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020).  Ramirez repeatedly and consistently explained that she was targeted because she belonged to the immediate family of her father, Juan Ramirez Perez, and that all other members of her immediate family were likewise targeted based on their relationship with Juan Ramirez Perez.  Her explanation of her proposed social group in the IJ hearing was not impermissibly circular simply because it included a superfluous reference to the harm that her claimed social group—her family—has experienced.  *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084–88 (9th Cir. 2020).  Moreover, "[b]ecause few groups are more readily identifiable than the family, the BIA's determination that the petitioner had not shown membership in a particular social group was manifestly contrary to law." *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015) (quotation marks omitted).

2

This conclusion is not affected by the fact that the persecution of Ramirez's immediate family came at the hands of their extended family. *See Kaur v. Garland*, 2 F.4th 823, 835 (9th Cir. 2021).

The BIA also erred in affirming the IJ's holding that Ramirez failed to establish a nexus between her claimed social group and the harm she experienced. Although the IJ described Ramirez's persecution as arising from a "personal vendetta," the IJ specifically tied this "personal" vendetta to Juan Ramirez Perez's inheritance of property from his father. And while the BIA likewise dismissed the attacks against Ramirez as arising from a "personal vendetta," the BIA did not disagree with the IJ's conclusion that the vendetta arose from the inheritance dispute. To the contrary, in affirming the IJ's nexus holding, the BIA cited for support to three transcript pages in which Ramirez explained that all the problems she and her siblings have experienced with their extended family stem from the inheritance dispute and her father's resulting murder. The BIA did not cite to or rely on any evidence of any motivation other than the extended family members' anger about Juan Ramirez Perez's inheritance and their fear that his children would seek to avenge their father's murder.[1] The inheritance and murder were only

_____

[1]The government argues that Ramirez's persecution may instead or additionally have been motivated by personal ill feelings arising from Ramirez's report to the police that an extended family member had assaulted her. The BIA did not rely on this reasoning, however, and "[o]ur review is limited to those grounds explicitly relied upon by the BIA." *Diaz-Reynoso*, 968 F.3d at 1075

3

connected to Ramirez, however, through her relationship with her father. If the family relationship did not exist, the persecutors would have had no reason to be angry with Ramirez because of Juan Ramirez Perez's inheritance, nor would they have had reason to fear that Ramirez would seek to avenge the murder of a man with whom she was not connected. The evidence cited by the BIA thus showed the important role that Ramirez's family membership played in her persecution, and the BIA accordingly erred in concluding that Ramirez failed to establish a nexus between her persecution and her status as a member of her family. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1144 (9th Cir. 2021); *see also Kaur*, 2 F.4th at 835–36. We therefore grant the petition for review as it relates to Ramirez's asylum and withholding claims, and we remand these claims for further consideration by the agency under the correct legal standards.

On the other hand, substantial evidence supports the BIA's finding that government officials would not be likely to acquiesce in any future torture Ramirez might experience if she is deported back to Honduras. "A government does not acquiesce to torture where the government actively, albeit not entirely successfully, combats the illegal activities." *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937

---

(citation omitted). Moreover, we note that the first assault cannot have been motivated by the police report that followed it, and the only explanation for that assault we have identified in the record was the assailant's recent realization that Ramirez was the daughter of Juan Ramirez Perez.

4

(9th Cir. 2016) (per curiam) (quotation marks omitted).  On the one occasion when Ramirez reported an assault to the police, the police arrested her assailant and held the assailant in custody for twenty-four hours.  Although one police officer made the comment that it would be easier for Ramirez to just kill her assailants, this comment alone does not "establish[] government complicity" in the harm Ramirez experienced.  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).  The officer's comment might suggest some skepticism about the government's ability to deter future violence from Ramirez's extended family, but the police did in fact take action in response to the only assault Ramirez reported to them.  Under these circumstances, the record does not compel the conclusion that public officials will likely acquiesce in any future torture Ramirez may experience if she is removed to Honduras.  *See id.* at 836–37.  We therefore deny the petition for review as it relates to the CAT claim.

**PETITION GRANTED IN PART AND DENIED IN PART; REMANDED.  The parties shall bear their own costs on appeal.**